**LIHUA LIU, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 06–4487–ag.

United States Court of Appeals,
Second Circuit.

June 7, 2007.

LiHua Liu, pro se, Riverside, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Lihua Liu, a native and citizen of China, seeks review of an August 31, 2006 order of the BIA denying Liu's motion to reopen her removal proceedings and/or reconsider its earlier decision. *In re I–Hua Liu,* No. A 78 842 776 (B.I.A.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Aug. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) *(per curiam); Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). The BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected. *Jin Ming Liu,* 439 F.3d at 111.

■ Liu's motion for reconsideration was untimely. A motion to reconsider must be filed within thirty days after the agency enters its final order of removal. 8 U.S.C. § 1229a (c)(6)(B). Here, the first BIA order was issued on February 27, 2006 and Liu did not file the motion to reconsider until May 25, 2006. Thus, the BIA properly denied as untimely the motion to reconsider. *See* 8 U.S.C. § 1229a (c)(6)(B).

■ We similarly find no error in the BIA's denial of Liu's motion to reopen. A movant may prevail on a motion to reopen by establishing *prima facie* eligibility for the relief requested. *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005) (citing *Guo v. Ashcroft,* 386 F.3d 556 (3d Cir. 2004)). When a movant seeks to reopen for the purpose of submitting an application for relief, the movant must submit "the appropriate application for relief and all supporting documentation" in order to establish such eligibility. *See* 8 C.F.R. § 1003.2(c)(1). Insofar as Liu sought to adjust her status through a motion to reopen, she was required by agency regulation to submit an I–485 application. Because she did not do so, the BIA properly denied the motion on this ground.

■ A movant may also prevail on a motion to reopen if she introduces previously unavailable, material evidence. *See Norani v. Gonzales,* 451 F.3d 292, 294 (2d Cir.2006). Here, the BIA did not abuse its discretion in finding the evidence submitted with the motion insufficient to warrant reopening. The BIA interpreted the evidence submitted as a request to acknowledge previously unavailable evidence, however, Liu did not explain why they, or documents like them, had not been submitted previously. Likewise, she did not explain why she could not have submitted portions of the Chinese criminal code at that hearing. Accordingly, she failed to demonstrate that this evidence was "previously unavailable," and, therefore, the BIA did not abuse its discretion in denying the motion to reopen on this ground. *See* 8 C.F.R. 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).